UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIO ALVAREZ,

                Plaintiff,

      - against -

BADGE JOSEPH STRACK #62,
SERGEANT JOHN DOE, OFFICER JANE
DOE, N.Y.S. P. OFFICER JOHN DOE, #1
JOHN DOE, #2 JOHN DOE, and #3 JOHN
DOE,

                Defendants.

09 Civ. 1138 (PGG)

MEMORANDUM OPINION
AND ORDER

---

PAUL G. GARDEPHE, U.S.D.J.:

        Pursuant to Federal Rule of Civil Procedure 15(a)(2), pro se Plaintiff Mario Alvarez requests leave to amend his complaint to name five defendant police officers whom Alvarez originally sued as "Sergeant John Doe," "John Does #1-3," and "Officer Jane Doe." (Docket No. 13) Alvarez's complaint, which was filed on January 7, 2009, seeks damages under 42 U.S.C. § 1983 for physical and emotional injuries sustained during an arrest on January 7, 2006. (Cmplt. ¶ II(1A)) Alvarez has also filed a motion for appointment of counsel. (Docket No. 16) For the reasons set forth below, both motions will be DENIED.

## BACKGROUND

        On January 7, 2009, Alvarez filed a complaint alleging that City of Newburgh police officers had violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights while arresting him on January 7, 2006. (See Cmplt.) The complaint alleges that two Newburgh police officers – Joseph Strack and "Jane Doe" – detained Alvarez on a "warrant for a $90 fine [Alvarez had] failed to pay," and that they insisted on handcuffing Alvarez and transporting him

to the Newburgh police station despite his offer to pay the fine. (Cmplt. ¶¶ 2-5) At the police station, Alvarez complained to "Sergeant John Doe" about "rough treatment" he had received from Strack and Jane Doe. (Cmplt. ¶ 6) "Sgt. John Doe told [Alvarez] to 'Shut the f—k up,'" and when [Alvarez] refused he was hit from behind by several unidentified officers and knocked to [the] floor." (Cmplt. ¶ 6) "Several unidentified officers" then allegedly sprayed Alvarez with Mace, beat him, and conducted a full-body search, including an anal probe. (Cmplt. ¶¶ 7-13) The complaint names as defendants Joseph Strack, "Sergeant John Doe," "New York State Police Officer John Doe," "Newburgh Police Officers John Doe #1-3," and "Jane Doe." (See Cmplt)

On June 5, 2009, Alvarez served interrogatories requesting the identities of the officers present in the "Booking Area of the Newburgh City Police Department between 7:00 P.M. and 9:00 P.M." (See Pltf. Mot. to Compel (Docket No. 17), Ex. A) On June 23, 2009, Strack's counsel provided Alvarez with all the names he requested except for that of "New York State police officer John Doe," which counsel claimed was "unknown." (See Pltf. Mot. to Compel, Ex. B)

On May 27, 2010 – nearly a year after receiving the names of the other officers present when the alleged abuse occurred – Alvarez filed the instant motion to amend. The motion requests leave to amend the complaint to name the five officers identified in the answers to Alvarez's interrogatories. (See Pltf. Mot. to Amend) Alvarez's accompanying Affirmation asserts that "the defendants will in no way be prejudiced or harmed by [the] Amended Complaint because it only identif[ies] the real names of 5 of 6 defendants that were already known from the start of this action." (Pltf. Aff. in Support of Mot. to Amend ¶ 5) Alvarez further argues that his motion to amend should be granted because he "misunderstood the correct procedures . . . and

2

always made a good faith eff[o]rt to comply with all the numerous procedures in the litigation to date," and "should not be punished for mistakes in litigating Court actions." (Pltf. Aff. in Support of Mot. to Amend ¶ 6)

On July 6, 2010, Alvarez moved for appointment of counsel. (Docket No. 16)

## DISCUSSION

**I.  MOTION TO AMEND COMPLAINT**

Alvarez requests leave to amend his complaint on the ground that "justice so requires" (Pltf. Aff. in Support of Mot. to Amend  ¶ 4) (citing Fed. R. Civ. P. 15(a)(2)).  The proposed new defendants argue, however, that Alvarez's claims against them are time-barred, and that the "relation back" provisions of Federal Rule 15(c)(1)(C) do not apply.  (Def. Br. 2)

In New York, claims brought under 42 U.S.C. § 1983 must be brought within three years of the events giving rise to the cause of action.  Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (citing Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004)). Because the events giving rise to Alvarez's claims occurred on January 7, 2006, his proposed amendment in May 2010 falls outside the statute of limitations.  Accordingly, the amendment is timely only if it relates back to the date of Alvarez's complaint, which was filed on January 7, 2009.

Federal Rule of Civil Procedure 15(c)(1)(C), which governs the relation back of untimely amendments, provides as follows:

> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

3

>   (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c)(1)(B) is satisfied when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Rule 4(m) provides that a defendant must be served with process within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Accordingly, in order to demonstrate that his proposed amendment is timely, Alvarez must show that the requirements of Rule 15(c)(1)(C) were met within 120 days of January 7, 2009 – the date that Alvarez's complaint was filed as well as the date the statute of limitations expired. Here, that question turns on whether Alvarez may properly seek relation back under Rule 15(c) based on his lack of knowledge of the defendants' identities within the limitations period.[1]

"'[I]t is familiar law that "John Doe" pleadings cannot be used to circumvent statutes of limitations[,] because replacing a "John Doe" with a named party in effect constitutes a change in the party sued.'" Barrow v. Wethersfield Police Dept., 66 F.3d 466 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996) (quoting Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)). Accordingly, "' such an

---

[1] Because Alvarez argues in his affidavit that "the defendants will in no way be prejudiced or harmed by [the] Amended Complaint because it only identif[ies] the real names of 5 of 6 defendants that were already known from the start of this action" (Pltf. Aff. ¶ 5), the proposed new defendants argue that he has conceded that he knew the officers' identities from the outset of the case. (Def. Br. 3-4) This is not a fair reading of Alvarez's affidavit. Alvarez is not referring to his own knowledge but instead to the knowledge of the perpetrators of the alleged abuse, whom he now wishes to add as defendants in this action.

4

amendment may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.'" Id.

The Second Circuit has consistently held that lack of knowledge of a defendant's identity is not a basis for relation back under Rule 15(c)(1)(C). In Barrow, 66 F.3d 466, the complaint named "John Doe" defendants because the plaintiff "did not know the names of the officers involved in his arrest and alleged mistreatment." 66 F.3d at 469. After the limitations period expired, Barrow sought leave to amend his complaint to name six officers previously referenced in the complaint as "John Doe" defendants. The Court thus faced the question of "whether defendants who are not originally named because the plaintiff lacks knowledge of their identity are, within the meaning of Rule 15(c)(3)(B), not named because of a 'mistake' concerning their identity." Id.

The Court rejected plaintiff's relation back argument, because the proposed amended complaint

> did not correct a mistake in the original complaint, but instead supplied information Barrow lacked at the outset. Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met.

The Court held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. . . . [T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Id. at 470; see also Malesko v. Correctional Servs. Corp., 229 F.3d 374, 383 (2d Cir. 2000), rev'd on other grounds, 534 U.S. 61 (2001) (rejecting relation back argument where "it is clear that [the plaintiff] believed that there existed

5

individual defendants who were potentially liable for his injuries, but did not know their exact identities prior to the expiration of the statute of limitations"); Macchurulo v. Gould, 643 F. Supp. 2d 587, 596 (S.D.N.Y. 2009) ("Mere lack of knowledge as to the identity of the proper defendants is insufficient to establish a factual mistake for relation back purposes.").[2]  This rule applies to pro se plaintiffs as well as those represented by counsel.  See Tapia-Ortiz v. Doe, 171 F.3d 150, 151-52 (2d Cir. 1999) (applying Barrow rule to pro se plaintiff who sought to replace "John Doe" pleading with actual names after the expiration of the limitations period).

       Relation back may be appropriate where a defendant has withheld necessary information despite the plaintiff's diligent efforts to obtain it, see Byrd v. Abate, 964 F. Supp. 140, 146 (S.D.N.Y. 1997) (permitting relation back where previously unnamed defendant's identity was "uniquely within the knowledge of [defense counsel]" and the defense "failed to identify the individual defendant despite [plaintiff's] request for that information"), but there is no such evidence here.  Alvarez made no effort to obtain the officers' identities until June 5, 2009, when he served interrogatories addressing this issue.  (See Pltf. Mot. to Compel, Ex. A)  Strack's counsel promptly provided this information on June 23, 2009.  (See Pltf. Mot. to Compel, Ex. B)  Even as of June 5, 2009, however, when the interrogatories were served, both the statute of limitations and the 120-day period specified in Rule 4(m) had long since expired.

---

[2] The same rule is followed elsewhere.  See, e.g., Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993) ("Because Worthington's failure to name Wilson and Wall was due to a lack of knowledge as to their identity, and not a mistake in their names, Worthington was prevented from availing himself of the relation back doctrine of Rule 15(c)."); Wilson v. United States Government, 23 F.3d 559, 563 (1st Cir. 1994) (no "mistake" under Rule 15(c) where plaintiff "merely lacked knowledge of the proper party").

And after Alvarez obtained the officers' names, he waited nearly a full year before moving to amend his complaint to add these individuals as named defendants.

Because lack of knowledge is not an appropriate basis for relation back, Alvarez's motion for leave to amend the complaint must be denied.

## II.      MOTION TO APPOINT COUNSEL

Alvarez has also submitted an application for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  (Docket No. 17)  Because Alvarez is a child sex offender currently subject to electronic home detention, he argues that he cannot access necessary legal research materials or engage in necessary fact-gathering.  (Alvarez Aff., Ex. A)  He further contends that "only a trained [a]ttorney will know how to properly [d]evelop a [f]actual [r]ecord during [d]iscovery to properly and effectively litigate this [a]ction."  (Pltf. App. ¶¶ 4-5)  Alvarez has also offered evidence of two unsuccessful efforts he made to obtain counsel, both of which occurred in December 2008.  (Pltf. App. Ex. B, C, D, E)

Although appointment of counsel under Section 1915(e) is within the discretion of the trial judge, the Second Circuit has set forth factors the district court should consider.  Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1987).  The district court "should first determine whether the indigent's position seems likely to be of substance." Id. at 61.  If the court finds that this threshold is met, it should then consider

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61-62.

Here, Alvarez has not demonstrated that his claim is "likely to be of substance." As noted above, Alvarez's complaint identifies only Defendant Strack by name, and Alvarez's claims against the John and Jane Doe defendants are time-barred. As to Strack, the complaint does not allege that he was involved in the beating, Mace attack, and anal probe that Alvarez claims to have suffered. According to the complaint, these acts were perpetrated by "Sergeant John Doe" and "several unidentified officers." (Cmplt. ¶¶ 5-9) Given this record, Alvarez's "'chances of success are extremely slim.'" Hodge, 802 F.2d at 60 (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)).

Even if this Court were to find that Alvarez has demonstrated a claim that is "likely to be of substance," the facts here arise from a single incident and are not complex. Extensive discovery is not required, and this case does not present novel or complex legal issues. While Alvarez's home detention presents challenges to conducting discovery, Alvarez has not demonstrated that written discovery and telephonic depositions are impossible or impractical. For all of these reasons, Alvarez's application for appointment of counsel is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend the Complaint and Application to Appoint Counsel are DENIED. The Clerk of the Court is directed to terminate both motions (Dkt. Nos. 13, 16).

Dated: New York, New York
       October 19, 2010

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge